Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN DALEY, a single person,<br><br>        Plaintiff,<br><br>        v.<br><br>WILLIAMS & FUDGE, INC., a South Carolina corporation; and DAVID DOE and JANE DOE, individually and the marital community,<br><br>        Defendants. | Case No.: CV-13-155-TOR<br><br>COMPLAINT<br><br>(JURY DEMANDED) |

Plaintiff Ryan Daley, through his attorney, Kirk D. Miller of *Kirk D. Miller, P.S.* alleges the following:

I. COMPLAINT

1.1. This is an action for damages and remedies against Williams & Fudge, Inc. (hereinafter "Williams & Fudge") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

COMPLAINT -1

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendant conducts affairs and transacts business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. PARTIES

3.1. Plaintiff Ryan Daley is a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2. Plaintiff Ryan Daley is a natural person.

3.3. The Defendant alleged that Ryan Daley was obligated to pay a debt.

3.4. Plaintiff Ryan Daley is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

3.5. The alleged debt was an obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.6. Defendant Williams & Fudge is a collection agency that is licensed to conduct business in the state of Washington.

3.7. Defendant Williams & Fudge attempted to collect a "debt" as defined by FDCPA 15 U.S.C. §1692a(5).

3.8. Defendant Williams & Fudge regularly uses the telephone in its attempts to collect debts.

3.9. Defendant Williams & Fudge uses instrumentalities of interstate commerce or the mails in its business.

3.10. Defendant Williams & Fudge uses the mail in its attempts to collect debts.

3.11. Defendant Williams & Fudge is a South Carolina corporation engaged in the business of collecting debts that are originally owed to another.

3.12. Defendant Williams & Fudge regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.13. Defendant Williams & Fudge is a "debt collector" as defined by the FDCPA 15 U.S.C. §1692a(6).

3.14. Defendant David Doe's last name will be identified through discovery.

3.15. Defendant David Doe is the employee of Defendant Williams & Fudge that called Plaintiff's friend's place of employment on April 8, 2013.

3.16. Defendant David Doe uses instrumentality of interstate commerce, including the telephone or the mails, in the course and scope of his employment at Defendant Williams & Fudge, in his attempts to collect debts.

3.17. Defendant David Doe is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

3.18. All acts and omissions by David Doe were performed on behalf of his employer, Williams & Fudge.

3.19. All acts alleged of David Doe were done on his own behalf, on behalf of Defendant Williams & Fudge, and on behalf of David Doe and the marital community.

3.20. Defendant Williams & Fudge is jointly and severably liable for the acts and omissions of its agents, Defendant David Doe, through the doctrine of respondent superior.

## IV. FACTS

4.1. Williams & Fudge alleged that sometime prior to April 8, 2013, Plaintiff incurred a debt.

COMPLAINT -4

4.2. The alleged debt is an obligation incurred primarily for personal, family or household purposes.

4.3. On April 8, 2013, David Doe called Plaintiff's roommate's place of employment.

4.4. On April 8, 2013, David Doe spoke on the telephone with a third party who is a friend of Plaintiff and who is not the Plaintiff.

4.5. The third party with whom David Doe spoke on April 8, 2013 is not the Plaintiff's spouse, guardian, executor, administrator, attorney, or a consumer reporting agency.

4.6. The third party with whom David Doe spoke on April 8, 2013 is not the creditor, attorney of creditor, or attorney of the debt collector.

4.7. Plaintiff never authorized David Doe or Williams & Fudge to communicate with any third party for the purpose of collecting a debt.

4.8. On April 8, 2013, David Doe specifically asked for the Plaintiff's roommate by name.

4.9. David Doe knew that the third party was not the Plaintiff.

4.10. David Doe's April 8, 2013, call to Plaintiff's friend's place of employment was an attempt to collect a debt.

COMPLAINT -5

KIRK D. MILLER P.S.
211 E. Sprague Ave.
Spokane Washington 99202
(509) 413-1494

4.11. David Doe's April 8, 2013, call to Plaintiff's friend's place of employment was a "communication" as defined by 15 USC §1692a(2).

4.12. David Doe's April 8, 2013 call to Plaintiff's roommate's place of employment was not an attempt to obtain location information.

4.13. David Doe did not state at any time during his April 8, 2013, call to Plaintiff's friend's place of employment that he was confirming or correcting location information concerning the Plaintiff.

4.14. David Doe disclosed to the third party that he was calling on behalf of defendant Williams & Fudge.

4.15. David Doe's disclosure to a third party that he works for Williams & Fudge and was trying to reach the Plaintiff is an indirect disclosure to a third party that the Plaintiff owes a debt.

4.16. Williams & Fudge is a nationally known debt collector.

4.17. The plaintiff's roommate with whom David Doe spoke on April 8, 2013, knew on April 8, 2013 that Williams & Fudge is a debt collector.

4.18. David Doe requested that the third party relay a message to the Plaintiff to call him back.

4.19. David Doe provided the third party with a phone number for Defendant Williams & Fudge.

4.20. The third party with whom David Doe spoke on April 8, 2013, advised Plaintiff that David at Williams & Fudge requested a return phone call from Plaintiff.

4.21. The third party with whom David Doe spoke on April 8, 2013, informed Plaintiff that Williams & Fudge is a debt collector.

4.22. Plaintiff suffered negative emotions as a result of David Doe disclosing to a third party that he works for a known debt collection company.

4.23. As a result of David Doe's April 8, 2013 communication, Plaintiff suffered negative emotions including anxiety, embarrassment and anger.

## V. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1. Williams & Fudge communicated with a third party in connection with the collection of an alleged debt and in violation of 15 USC § 1692c(b).

5.2. The debt collector, Defendant Williams & Fudge, through its own acts, by and through its agent and employee, and through its policies

and procedures, has violated the FDCPA which has caused damage to Plaintiff.

## VI. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

6.1.  Actual damages;

6.2.  Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1).

6.3.  Statutory damages against each of the Defendants in the amount of two thousand dollars ($2000.00), pursuant to the FDCPA 15 U.S.C. § 1692k(a)(2)(A).

6.4.  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

6.5.  For such other and further relief as may be just and proper.

DATED this 23rd day of April, 2013.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller
WSBA #40025
Attorney for Plaintiff